UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDI HAGGARD, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:12-cv-744-WTL-DKL |
| | ) |
| TOWN OF FISHERS, et al., | ) |
| | ) |
|   Defendants. | ) |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on the Defendants' motion for summary judgment (dkt. no. 55). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

**I. STANDARD**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court

is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II. DISCUSSION

This case arises out of an encounter between Plaintiff Brandi Haggard and the Defendant police officers in the early morning hours of December 22, 2010. Haggard alleges that the Defendants entered her home without probable cause, violating her rights under the Fourth and Fourteenth Amendments. Haggard also alleges that the actions taken by the officers once in her home constituted assault, battery, false arrest, illegal search, and intentional infliction of emotional distress.

The parties present two irreconcilable versions of what happened on the night in question. Under the Defendants' version, the Defendant officers responded to a 911 call from the father of the Plaintiff's children, who reported that she had sent text messages that suggested that she might be planning to commit suicide that night. The Defendants knocked loudly on both her front and patio doors and called the Plaintiff's phone number repeatedly, but were unable to rouse her; indeed, even after they obtained a key from her apartment manager and entered her bedroom, they had to perform a sternum rub in order to wake her.[1] The Plaintiff was incoherent, there were signs that she may have taken prescription medication, and her bedroom smelled strongly of alcohol. EMTs who had been summoned by the officers moved the Plaintiff into an ambulance and took her to the hospital. The Plaintiff was combative while in the ambulance, prompting the officers to handcuff her wrists to the gurney.

There seems to be no dispute that if the Defendants' version of the facts is accurate, no constitutional violation or tort occurred. Rather, the dispute between the parties is whether the

---

[1] A sternum rub is performed by vigorously rubbing one's knuckles over an individual's sternum, with the intended effect of producing enough pain to rouse an unresponsive individual.

2

record contains evidence that supports the Plaintiff's version of the facts.  Under her version, the Defendants did not knock or otherwise try to rouse her, but rather entered her bedroom in a stealthy manner and jerked her out of bed, to which she reacted with fear and anger.  She testified that after they identified themselves as police officers and allowed her to get dressed, the officers and the Plaintiff had a coherent (although hostile) conversation in her dining room, which should have alerted the officers that she had not attempted suicide.  However, instead of acceding to the Plaintiff's demands that they leave, the officers dragged her kicking and screaming out of her apartment and into a waiting ambulance, placed her in four-way restraints, and transported her to the hospital.

The Defendants argue that because the Plaintiff admits that she has no knowledge of what occurred prior to her being awakened, there is no evidence to dispute their version of events. While the Defendants are correct that a Plaintiff cannot survive summary judgment by simply arguing that the jury might not find the Defendants' testimony credible, the Plaintiff in this case has proffered more than that.  Specifically, the Plaintiff counters the Defendants' testimony with her own testimony that she is a light sleeper and therefore would have been awakened by the officers' knocking if they had, in fact, knocked; this is especially true, she asserts, because her dog barks when someone knocks on the door and she would not have slept through her dog's barking.[2]  The Plaintiff also asserts that the officers could not have performed a sternum rub as they claim because she has had open heart surgery that has left her with metal around her sternum and extreme sensitivity to touch in that area.  She also disputes the officers' testimony that they looked through her patio door and saw an open pill bottle on the floor, asserting that

---

[2]When asked why the dog did not bark and awaken her when the officers entered the apartment, Haggard testified that he does not bark at people who open the door using a key because "anybody who comes in with a key is supposed to be there and he thinks they're a friend."  Haggard Dep. at 140.

3

there is no way they could have seen into her apartment from the porch. In addition, the Plaintiff's testimony about what occurred after she was awakened contradicts the officers' testimony in several respects—including the highly material question of whether she was able to carry on a coherent conversation that would have indicated that she had not attempted suicide by overdosing on medication and alcohol. If the jury were to credit the Plaintiff's testimony about those facts over that of the officers, it could then find the remainder of the offers' testimony incredible as well, although it certainly would not be required to do so. *See U.S. v. Edwards*, 581 F.3d 604, 612 (7th Cir. 2009) ("In this case as generally, the fact that a witness lied about one thing doesn't automatically invalidate all his testimony. . . . Rather, the trier of fact must consider whether . . . particular falsehoods in a witness's testimony so undermine his credibility as to warrant disbelieving the rest of his testimony.").

The Plaintiff has submitted evidence that, if believed, would permit a reasonable jury to discredit the officers' version of events. Because the Defendants' motion for summary judgment is dependent upon their version being true, and the Court cannot weigh the evidence or make credibility determinations at the summary judgment stage, the motion must be denied.[3]

### III. CONCLUSION

For the reasons set forth above, the Defendants' motion for summary judgment is **DENIED**. Due to a conflict with the Court's schedule, the final pretrial conference in this case is **CONTINUED** to **Monday, October 28, 2013, at 2:00 p.m.**, in Courtroom 202, Birch Bayh Federal Building and United States District Courthouse, 46 East Ohio Street, Indianapolis,

---

[3] The Court reiterates that the Defendants do not argue that if the Plaintiff's version of events is credited she still loses some or all of her claims as a matter of law; rather, they rely on their belief that there is no evidence of record to support the Plaintiff's version.

4

Indiana. This case remains set for trial on November 25, 2013. The parties are reminded of the Required Pre-Trial Preparation deadlines set forth in their case management plan.

SO ORDERED: 09/26/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification